FILED
2017 Sep-13  AM 11:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

LAKEESHA SHEARS,

      PLAINTIFF,

v.                              **CIVIL ACTION NO.**

HMR VETERANS SERVICES, INC.
d/b/a Robert L. Howard Veterans Home,

      DEFENDANT.              **JURY TRIAL DEMANDED**

## COMPLAINT

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331.  The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA and retaliation.

## II.    PARTIES

2.    Plaintiff, Lakeesha Shears, (hereinafter "Plaintiff") is a resident of Talladega, Talladega County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this

1

case.  Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Eastern Division.

3.      Defendant HMR Veterans Services, Inc. d/b/a Robert L. Howard Veterans Home (hereinafter "Defendant") is a company doing business in the State of Alabama.   Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III.   STATEMENT OF FACTS

4.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5.      On August 1, 2013, Plaintiff began work with Defendant as a Certified Nursing Assistant ("CNA").

6.      At all times during the employment relationship, Defendant properly classified Plaintiff as an hourly paid, non-exempt employee.

7.      Plaintiff's last hourly rate of pay with Defendant was $10.85 per hour with an overtime rate of $16.275 per hour.

8.      During the three years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a work week.

2

9.     During the three years preceding the filing of this Complaint, Defendant was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

10.     During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce as defined by the Fair Labor Standards Act.

11.     Defendant's gross annual volume of revenue, on an rolling quarterly basis, exceeds $500,000.

12.     At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

13.     During the three years preceding the filing of this Complaint, Plaintiff, and all others similarly situated were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

14.     Plaintiff and all similarly situated employees employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant.

15.     During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

## IV.    COUNT ONE – FLSA - Overtime

16.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-15 above.

17.    On August 1, 2013, Plaintiff began work with Defendant as a Certified Nursing Assistant ("CNA").

18.    During the three years preceding the filing of this Complaint, Defendant employed Plaintiff as a Certified Nursing Assistant.

19.    Plaintiff's last hourly rate of pay with Defendant was $10.85 per hour, with an overtime rate of $16.275 per hour.

20.    During the three years preceding the filing of this Complaint, Plaintiff worked forty or more hours for the benefit of Defendant during some or all of the workweeks.

21.    Defendant paid Plaintiff for some, but not all, of Plaintiff's overtime hours at one and one-half times her regular hourly rate of pay.

22.    Defendant has a policy where it automatically deducted thirty minutes of an employee's recorded work time for an unpaid meal break.

23.    Defendant's policy of deducting thirty minutes of an employee's recorded work time for an unpaid meal break did not take measure to ensure that the non-exempt employee is fully relieved of his/her job duties for the full thirty minutes.

4

24.    During the three years preceding the filing of this complaint, Plaintiff either missed the meal break completely or only received a partial meal break because of interruption to care for patient needs for some, or all, days worked during some, or all, of the work weeks.

25.    During Plaintiff's meal breaks, Defendant required Plaintiff to leave and attend to patient needs.

26.    Plaintiff either missed the meal completely or only received a partial meal break because of interruption to care for patient needs.

27.    During her interrupted meal period, Plaintiff performed at various times the following functions for the benefit of Defendant's patients:

- Recording entries on patient flow sheets, notes, and charts with sufficient description;

- Reporting changes about a patient's condition to the Nursing Supervisor;

- Monitoring patients for accidents, incidents, and providing follow-up care after accidents occured;

- Checking patient's routinely to ensure excretory needs are being met, including unforeseen perineal care;

- Assisting with the care of the dying resident;

5

- Reporting any observations of pressure areas and skin breakdowns to prevents bedsores;

- Ensuring catheter care;

- Sponge baths due to need;

- Preparation of residents for meals (i.e. taking them to the bathroom, washing hands, combing hair, raising bed, positioning tables; placing bibs);

- Serving food trays (including cutting foods, feeding assisting in the dining room);

- Assisting residents with food arrangements (assisting visually impaired residents with consumption);

- Recording patients' food and fluid intake;

- Ensuring that patients are properly hydrated and have access to water at all times;

- Perform post meal care (removal of trays, washing hands, face, clothing, brushing teeth, denture care, and going to the bathroom);

- Checking on restrained patients every 30 minutes;

- Complying with restrained patients motion exercise schedule and excretion needs;

- Recordkeeping necessary for restrained residents, and,

- Ensuring that patients' requested needs are honored with kindness, dignity, respect, and, that such requests are met in a timely manner.

28.    During the three years preceding the filing of the original complaint, Defendant failed to pay Plaintiff her overtime rate of one and one-half times her regular hourly rate of pay for working through missed meal breaks in work weeks for which she otherwise worked forty hours or more, thus resulting in a violation of the FLSA.

29.    Plaintiff worked through her meal periods for the benefit of Defendant for approximately three (3) out of a possible five (5) meal periods during a five-day work week; however, sometimes Plaintiff worked through as many as all of her meal periods during a work week, as well as worked more as many as seven (7) days during a work week.

30.    Plaintiff and class members performed work for Defendant, on Defendant's premises, in plain sight, and at management's request during their uncompensated meal breaks.

31.    Defendant observed Plaintiff and class members working through their uncompensated meal breaks

32.    Defendant directed Plaintiff and class members to work during their uncompensated meal breaks.

33.     Defendant failed to pay Plaintiff her overtime rate of one and one-half times her regular hourly rate of pay for working through missed meal breaks in work weeks for which she otherwise worked forty hours or more, thus resulting in a violation of the FLSA.

34.     As a result of Defendant's intentional and willful violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V.     COUNT TWO – Opt-in Collective Action Pursuant to 29 U.S.C. § 216(b)

35.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-34 above.

36.     Plaintiff brings this suit as an Opt-in collective action pursuant to the FLSA 16(b).

37.     The potential class is comprised of any and all persons Defendant employed as hourly paid, non-exempt employees at any time during the three (3) years preceding the filing of this Complaint.

38.     Upon information and belief, Defendant is refusing to pay all hourly paid, non-exempt employees for time worked during meal breaks as such deductions result in the non-payment of overtime compensation.  Therefore, the potential plaintiff class is so numerous that joinder is impracticable.

39.     Upon information and belief, the same practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other

8

employees, thereby presenting both common questions of law and fact common to the class.

40.     Upon information and belief, the claims of the Plaintiff is typical of claims of the class.  Plaintiff was subjected to the same unlawful employment practices concerning meal break deductions that resulted in Defendant's failure to pay overtime compensation, and other violations of the Fair Labor Standards Act, as were other members of the class.

41.     Upon information and belief, Plaintiff will fairly and adequately protect the interests of the class in that she shares common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

42.     Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

43.     Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to Plaintiff and similarly situated employees were they to commence an individual action; and, because of the predominate factual and legal

questions common to all class members.

44.     This lawsuit is filed on behalf of all non-exempt employees of Defendant whose pay is subject to an automatic meal break deduction even when they perform compensable work during their meal breaks for work weeks in which the paid labor and unpaid labor result in a sum total of hours worked that is less than forty hours.

45.     At all times material hereto, Defendant employed Plaintiff and potential class members on a non-exempt hourly wage basis.

46.     Defendant paid Plaintiff for some, but not all, of Plaintiff's overtime hours, at one and one-half times Plaintiff's regular hourly rates of pay.

47.     At all times material hereto, Defendant's Employee Handbook stated that employees normally working over four (4) hours per workday, whose work schedule extended over a meal period, were entitled to a thirty (30) minute meal break.

48.     At all times material hereto, Defendant had a policy, set forth in its Employee Handbook, in which it automatically deducted a 30-minute uncompensated meal break (hereinafter "uncompensated meal break"), per workday, from a non-exempt employee's workweek.

49.     These uncompensated meal breaks were considered an employee's "own time."

50.    According to the Employee Handbook, a non-exempt employee's supervisor or department head was responsible for scheduling the employee's uncompensated meal breaks.

51.    Said supervisors and/or department heads often failed and/or refused to make the schedule specifying a non-exempt employee's uncompensated meal breaks.

52.    Defendant knows and/or has reason to believe that Plaintiff and class members perform work during their uncompensated meal breaks.

53.    Even when schedules were made, Plaintiff and class members were required to work during many of their uncompensated meal breaks, for the benefit of Defendant.

54.    Defendants did not ensure that Plaintiff and class members were completely relieved of their work duties during their uncompensated meal breaks.

55.    Plaintiff and class members were routinely not completely relieved of their work duties during their uncompensated meal breaks.

56.    As a result of Defendant's practice, Plaintiff and class members worked multiple hours per work week for which they received no compensation whatsoever, whether straight-time or overtime.

57.    Plaintiff worked over forty (40) hours per work week during multiple work weeks occurring during the three-years preceding the filing of the original

11

complaint, but did not get the proper amount of overtime compensation for the additional hours worked, due to Defendant's practice of requiring Plaintiff to regularly perform compensable work for Defendant during their uncompensated meal breaks.

58.   Plaintiff and class members regularly worked less than forty (40) hours per work week during multiple workweeks occurring during the six years preceding the filing of the original complaint, but did not get the proper amount of agreed upon regular compensation for the additional hours worked, due to Defendant's practice of requiring Plaintiff and class members to regularly perform compensable work for Defendant during their uncompensated meal breaks.

59.   Plaintiff and class members performed work for Defendant, on Defendant's premises, in plain sight, and at management's request during their uncompensated meal breaks.

60.   Defendant observed Plaintiff and class members working through their uncompensated meal breaks

61.   Defendant directed Plaintiff and class members to work during their uncompensated meal breaks.

62.   Even though Defendant knew that Plaintiff and class members worked during their uncompensated meal breaks, Defendant failed to compensate Plaintiff

and class members for their work, electing instead to accept the benefits of Plaintiff's and class members' uncompensated work.

63.     Defendant and/or its predecessor-in-interest, predecessor, successor-in-interest or successor was previously involved in at least three (3) other lawsuits in this district in which non-exempt employees alleged, among other things, that they did not receive the proper amount of compensation due to Defendant's practice of requiring them to regularly perform compensable work for Defendant during their uncompensated meal breaks. *See generally Stewart v. HMR-Governmental Services, Inc. d/b/a Floyd E. "Tut" Fann State Veterans Home*, No. 5:11-cv-03713-AKK (N.D. Ala.); *Heflin v. HMR Veterans Services, Inc. d/b/a Bill Nichols Home*, No. 1:14-cv-01011-KOB (N.D. Ala.); *Heflin v. HMR Veterans Services, Inc. d/b/a Robert L. Howard Veterans Home*, No. 1:14-cv-01013-VEH (N.D. Ala.); *see also Stewart v. HMR-Governmental Services, Inc. d/b/a Floyd E. "Tut" Fann State Veterans Home*, No. 5:11-cv-03713-AKK (N.D. Ala.) (plaintiff alleged that defendant intentionally and willfully violated the FLSA by denying overtime pay for work performed off the clock for Defendant's benefit, in weeks where plaintiff worked forty (40) or more hours).

## VI.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.    The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.    This Court award Plaintiff the amount of her back-pay wages, plus an additional equal amount as liquidated damages; compensatory damages; nominal damages; and special damages;

C.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.    For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

_____
Kira Fonteneau

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
205.252.1550 - Office
205.502.4476 - Facsimile

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

_____
Of Counsel

**SERVE DEFENDANT AT:**

HMR Veterans Services, Inc.
d/b/a Robert L. Howard Veterans Home
c/o Agent for Service of Process
John Twitty
8 Justice Lane
Anderson, SC 29621